IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHAWN TAYLOR,
    Plaintiff,

vs.   Case No. 3:09cv109/MCR/MD

OKALOOSA COUNTY CLERK
OF COURT DON W. HOWARD, et al.
    Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff Shawn Taylor, appearing pro se, initiated this cause by filing a complaint on the form for use by pro se litigants in actions under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed *in forma pauperis*.  (Doc. 2). Good cause having been shown, plaintiff's motion for leave to so proceed should be granted.

As defendants plaintiff names Don Howard, Clerk of Courts in Okaloosa County, Rusti Mynard, dependency judicial assistant, Susan Crawford, "dependency/appellate," and Judge Terrance Ketchel.  The allegations in plaintiff's complaint are far-reaching and not entirely clear, but are summarized herein.  Plaintiff first contends that the defendants have violated her constitutional right to be represented by an attorney during a permanency hearing.  She also asserts that "defendant have (sic) thrown away subpoenas" which would have affected the outcome of the case.  She states that orders entered in the case do not match what was stated in court, complains that she is not permitted copies of the file or transcripts due to her indigent status, and complains that she has not heard from an individual named Joseph Reosti, who was with Timothy Hilley's office, neither of whom are identified as defendants in this case.  Plaintiff complains that under the direction of Don

Howard, Susan Crawford returned all of plaintiff's documents pertaining to an appeal of two consolidated cases because plaintiff had filed a motion for change of venue.  Judge Ketchel signed the consolidation order in question in which he stated that plaintiff must have an attorney, but plaintiff states that she cannot afford counsel and Judge Ketchel does not have the authority to appoint a lawyer for her.  Rusti Mynard knowingly appointed an attorney who has a conflict of interest and refused to inform the First DCA of this appointment, causing   delays in her appeals.  Plaintiff does not identify any specific constitutional violations.  In fact, where there is a space on the complaint form for "statement of claims" she has marked through the word "claims" and written "facts."  Under relief requested, she states that she has requested a change of venue due to a conflict of interest and a written apology from all.  She asserts that she "reported K.B. for not putting documents in files, was  terminated shortly thereafter, suffered discrimination, retaliation, bias, unjust treatment."  She concludes by saying "They make sure I am the only one in the courtroom and now want to hold hearing in the Board of County Commissioner's room." (Doc. 1 at 4).

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quoting *Univ. of S. Ala.*, 168 F.3d at 410). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist.  *Lovern*, 190 F.3d at 654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942); *Goldsmith v. Mayor & City Council of Baltimor*e, 845 F.2d 61, 64 (4th Cir. 1988)).  In this case, the allegations of plaintiff's complaint reveal no discernable basis for federal jurisdiction.  Although plaintiff claims that

her "constitutional rights" were violated, she does not identify the rights to which she refers. There does not appear to be diversity of citizenship, and the amount in controversy is not stated. In addition, insofar as plaintiff seeks an order affecting an ongoing state proceeding in her case, the complaint must be dismissed, because plaintiff's claim lacks even an arguable basis in law. Federal Courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also*, *Hicks v. Miranda*, 422 U.S. 332, 349 *(1975); Luckey v. Miller,* 976 F.2d 673 (11th Cir. 1992). "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See *id*. See also *Wexler v. Lepore,* 385 F.3d 1336, 1339 (11th Cir. 2004) (citations omitted) (Although the *Younger* abstention doctrine usually applies in cases involving criminal prosecution or the criminal justice system, it can apply to pending civil proceedings that are akin to a criminal prosecution, as well as in a strictly civil context). Therefore, for all of the foregoing reasons, this case should be dismissed for lack of jurisdiction.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of subject matter jurisdiction and the clerk be directed to close the file.

At Pensacola, Florida, this 20th day of March, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:09cv109/MCR/MD*

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:09cv109/MCR/MD*